# EXHIBIT A

# Court of Common Pleas - Civil
# Civil Docket Report

🛒 View Cart    Items in Cart: **7**   Total: **$ 8.25**    ➡ Log Out   Welcome JAMES D. HOLLYDAY

A $5 Convenience fee will be added to the transaction at checkout.

< New Search

 ## Case Description

| | |
|---|---|
| **Case ID:** | 260403665 |
| **Case Caption:** | FRIENDLY PHARMACY INC. ETAL VS AMERIHEALTH CARITAS |
| **Filing Date:** | Friday , April 24th, 2026 |
| **Court:** | COMMERCE - STANDARD, JURY |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | FRAUD |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

 ## Related Cases

*No related cases were found.*

 ## Case Event Schedule

*No case events were found.*

 ## Case Motions

*No case motions were found.*

👤 ## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|

| 1 | | | ATTORNEY FOR PLAINTIFF | HONIK, RUBEN |
|---|---|---|---|---|
| **Address:** | 1515 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19102<br>(267)435-1300<br>ruben@honiklaw.com | **Aliases:** | *none* | |

| 2 | 1 | | PLAINTIFF | FRIENDLY PHARMACY INC |
|---|---|---|---|---|
| **Address:** | 22<br>PHILADELPHIA PA 19133 | **Aliases:** | *none* | |

| 3 | 1 | | PLAINTIFF | SAMUEL J ROBINSON PHARMACY INC |
|---|---|---|---|---|
| **Address:** | 2848 W LEHIGH AVE<br>PHILADELPHIA PA 19132 | **Aliases:** | *none* | |

| 4 | | | DEFENDANT | AMERIHEALTH CARITAS HEALTH PLAN |
|---|---|---|---|---|
| **Address:** | 200 STEVENS DRIVE<br>PHILADELPHIA PA 19113 | **Aliases:** | *none* | |

| 5 | | | DEFENDANT | PERFORMRX LLC |
|---|---|---|---|---|
| **Address:** | 200 STEVENS DRIVE<br>PHILADELPHIA PA 19113 | **Aliases:** | *none* | |

| 6 | 1 | | ATTORNEY FOR PLAINTIFF | STANOCH, DAVID J |
|---|---|---|---|---|
| **Address:** | KANNER & WHITELEY, L.L.C.<br>701 CAMP STREET<br>NEW ORLEANS LA 70130<br>(504)524-5777<br>d.stanoch@kanner-law.com | **Aliases:** | *none* | |

| 7 | | | TEAM LEADER | CRUMLISH III, JAMES |
|---|---|---|---|---|
| **Address:** | 534 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## 🗒 Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 24-APR-2026 01:57 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2604060677 | | |

| 24-APR-2026 01:57 PM | COMMENCEMENT CIVIL ACTION JURY | HONIK, RUBEN | |
|---|---|---|---|
| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>Final Cover  IN CART | | |
| **Docket Entry:** | *none.* | | |

| 24-APR-2026 01:57 PM | COMPLAINT FILED NOTICE GIVEN | HONIK, RUBEN | |
|---|---|---|---|
| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>PerformRx PA State Verified Complaint (2026.04.24 Final).pdf  IN CART<br>Commerce Addendum  IN CART | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |

| 24-APR-2026 01:57 PM | JURY TRIAL PERFECTED | HONIK, RUBEN | |
|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | |

| 24-APR-2026 01:57 PM | WAITING TO LIST CASE MGMT CONF | HONIK, RUBEN | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 30-APR-2026 12:17 PM | AFFIDAVIT OF SERVICE FILED | HONIK, RUBEN | |
|---|---|---|---|
| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>Affidavit of Service on PerformRx.pdf  IN CART<br>Affidavit of Service on AmeriHealth Caritas.pdf  IN CART | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PERFORMRX LLC AND AMERIHEALTH CARITAS HEALTH PLAN BY PERSONAL SERVICE ON 04/28/2026 FILED. (FILED ON BEHALF OF SAMUEL J ROBINSON PHARMACY INC AND FRIENDLY PHARMACY INC) | | |

| 06-MAY-2026 02:37 PM | AFFIDAVIT OF SERVICE FILED | | |
|---|---|---|---|
| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>SKM_C451i26050612320_0020.pdf  IN CART<br>SKM_C451i26050612320_0021.pdf  IN CART | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PERFORMRX LLC AND AMERIHEALTH CARITAS HEALTH PLAN BY PERSONAL SERVICE ON 04/28/2026 FILED. | | |





 Philadelphia Courts

Questions regarding cases listed on this site can be directed to the Trial Division - Civil Administration at ✉ civiladminsupport@courts.phila.gov and 📞 (215) 686-8326 or the Office of Judicial Records - Civil at ✉ OJRCivil@courts.phila.gov and 📞 (215) 686-6652.

User Accepts/Agrees to Disclaimer.

Philadelphia Courts

Questions regarding cases listed on this site can be directed to the Trial Division - Civil Administration at ✉ civiladminsupport@courts.phila.gov and 📞 (215) 686-8326 or the Office of Judicial Records - Civil at ✉ OJRCivil@courts.phila.gov and 📞 (215) 686-6652.

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **APRIL 2026**  03665 |
| | E-Filing Number: 2604060677 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRIENDLY PHARMACY INC. | AMERIHEALTH CARITAS HEALTH PLAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 22<br>PHILADELPHIA PA 19133 | 200 STEVENS DRIVE<br>PHILADELPHIA PA 19113 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SAMUEL J. ROBINSON PHARMACY INC. | PERFORMRX, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2848 W LEHIGH AVE<br>PHILADELPHIA PA 19132 | 200 STEVENS DRIVE<br>PHILADELPHIA PA 19113 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [X] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

4F - FRAUD

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>APR **24** 2026<br><br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>   YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: FRIENDLY PHARMACY INC. , SAMUEL J. ROBINSON PHARMACY INC.

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RUBEN HONIK | 1515 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)435-1300 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 33109 | ruben@honiklaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *RUBEN HONIK* | Friday, April 24, 2026, 01:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

HONIK LLC
By:    Ruben Honik, Esq. (PA#33109)
       David J. Stanoch, Esq. (PA#91342)
1515 Market Street, Suite 1100
Philadelphia, PA 19102
267-435-1300
ruben@honiklaw.com
david@honiklaw.com

Attorneys for Plaintiffs

THIS IS NOT AN ARBITRATION
MATTER

*Filed and Attested by the Office of Judicial Records 24 APR 2026 01:57 pm B. RALILONIS*

| | |
|---|---|
| FRIENDLY PHARMACY INC. and SAMUEL J. ROBINSON PHARMACY INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERFORMRX, LLC and AMERIHEALTH CARITAS HEALTH PLAN,<br><br>Defendants. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>_____ TERM<br><br>No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

<u>**NOTICE TO DEFEND**</u>

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>**Philadelphia Bar Association<br>Lawyer Referral<br>And Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas exputestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pude decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar done se puede conseguir asistencia legal.<br><br>**Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** |

1

Case ID: 260403665

HONIK LLC
By:    Ruben Honik, Esq. (PA#33109)        Attorneys for Plaintiffs
       David J. Stanoch, Esq. (PA#91342)
1515 Market Street, Suite 1100             THIS IS NOT AN ARBITRATION
Philadelphia, PA 19102                     MATTER
267-435-1300
ruben@honiklaw.com
david@honiklaw.com

| | |
|---|---|
| FRIENDLY PHARMACY INC. and SAMUEL J. ROBINSON PHARMACY INC., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PERFORMRX, LLC and AMERIHEALTH CARITAS HEALTH PLAN, <br><br> Defendants. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY <br><br> _____ TERM <br><br> No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.    Plaintiffs Samuel J. Robinson Pharmacy Inc. and Friendly Pharmacy Inc. (collectively, "Plaintiff") bring this class action on behalf of themselves and all others similarly situated against Defendant PerformRx, LLC ("PerformRx") and Defendant AmeriHealth Caritas Health Plan ("AmeriHealth Caritas") for Defendants' wrongful and deceptive practice of charging pharmacies transmission fees without disclosing same at the time of adjudication when a pharmacy dispenses a prescription drug to a patient.

2.    Plaintiffs seek monetary, injunctive, and declaratory relief on behalf of the proposed Class (as defined herein) Plaintiffs allege the following upon personal knowledge as to themselves and as to all other matters upon information and belief.

2

Case ID: 260403665

## NATURE OF THE ACTION

1. This class action seeks to repay pharmacies that were wrongly charged transmission fees by PerformRx after the fact, in violation of Pennsylvania statutory and common law.

2. Pharmacies process prescription drugs transactions in real time at the point of sale using software which, in turn, relies on information provided by a health insurer and/or pharmacy benefits manager ("PBM") on behalf of the health insurance plan that contracted with the PBM.

3. PBMs administer pharmacy benefits or drug programs for health insurance plans which cover patients' prescription drug purchases.

4. When a pharmacy dispenses a drug to a patient, they run the prescription through a computerized, real-time claims adjudication process.

5. The adjudication process occurs in real-time so that a pharmacy and the patient know immediately whether the prescription is covered under the patient's health insurance plan's pharmacy benefit, how much the patient might need to pay (e.g., a co-pay), and the precise dollar amount the PBM, on behalf of the patient's health insurance plan, will pay the pharmacy for dispensing the prescription.

6. Real-time adjudication not only provides an immediate coverage determination for the patient, but it also provides certainty to the dispensing pharmacy to know how much money it will receive from the PBM for dispensing the prescription. This is important so pharmacies can understand their revenue stream and manage their costs and expenses.

7. Pennsylvania law recognizes this. Among other things, Pennsylvania law mandates that a PBM cannot charge transmission fees on certain prescriptions unless they are disclosed and applied at the point of sale during the real-time claim adjudication process.

3

Case ID: 260403665

8.      Further, managed care organizations ("MCOs"), which are private health insurance plans that manage Medicaid health coverage, have contracts with the Commonwealth of Pennsylvania's Department of Human Services that require the MCO (such as AmeriHealth Caritas) to ensure their agents (including PBMs such as PerformRx) comply with applicable law, including Pennsylvania law requiring the disclosure and application of transmission fees at the point of sale during the real-time claim adjudication process. In fact, these contracts generally prohibit MCOs from charging transmission fees that are not disclosed and applied at the point of sale during claims adjudication.

9.      PerformRx, individually and/or at the direction and control of AmeriHealth Caritas, did not disclose and apply transmission fees at the time of adjudication, i.e., the point of sale.

10.     AmeriHealth Caritas failed to properly direct, control, and oversee PerformRx in this regard.

11.     Instead, PerformRx and AmeriHealth Caritas deceptively charged pharmacies undisclosed transmission fees after the pharmacy adjudicated a patient's claim and dispensed a prescription to the patient.

12.     As a result of Defendants' deceptive practices, pharmacies were wrongly charged undisclosed fees after-the-fact that should have been disclosed and applied at the point of sale, when pharmacies adjudicated patients' claims at the point of sale.

13.     In some instances, Defendants' wrongful practices resulted in reducing the amounts that PerformRx actually paid after the fact to pharmacies to nearly zero.

14.     Plaintiffs bring this action on behalf of themselves and other persons similarly situated for monetary, injunctive, and declaratory relief because PerformRx's and AmeriHealth Caritas's common course of conduct constitutes (i) breaches of contract/quasi-contract and of the

4

Case ID: 260403665

implied covenant of good faith and fair dealing, (ii) a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq., (iii) fraud in the inducement, (iv) negligence and negligence per se, (v) tortious interference, and (vi) unjust enrichment.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action pursuant to Section 931 of the Judicial Code, 42 Pa. C.S.A § 931(a), this being an action not subject to the exclusive jurisdiction of another court.

16. Venue is proper in this County pursuant to Pa. R.C.P. 2179(a)(2), because Defendants regularly conduct business in this County.

## PARTIES

17. At all relevant times, Plaintiff Samuel J. Robinson Pharmacy Inc. ("Robinson Pharmacy") was a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. During the alleged class period, Robinson Pharmacy adjudicated claims for which PerformRx charged transmission fees which it did not disclose and apply at the point of sale during claims adjudication.

18. At all relevant times, Plaintiff Friendly Pharmacy Inc. ("Friendly Pharmacy") was a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. During the alleged class period, Friendly Pharmacy adjudicated claims for which PerformRx charged transmission fees which it did not disclose and apply at the point of sale during claims adjudication.

19. At all relevant times, Defendant PerformRx, LLC ("PerformRx") was a Pennsylvania limited liability company with its principal place of business at 200 Stevens Drive,

5

Case ID: 260403665

Philadelphia, PA, 19113. At all relevant times, PerformRx was engaged in the provision and administration of PBM services. On information and belief, PerformRx does not have a non-Pennsylvania member.

20.     At all relevant times, Defendant AmeriHealth Caritas Health Plan ("AmeriHealth Caritas") was a Pennsylvania corporation with its principal place of business at 200 Stevens Drive, Philadelphia, PA 19113. At all relevant times, AmeriHealth Caritas owned and/or exercised direct control and supervision over PerformRx.

## FACTUAL ALLEGATIONS

### I.     Overview of Pharmacies and Pharmacy Benefits Adjudication

21.     Pharmacies are an important part of the American healthcare system because they review prescription drugs for safety, efficacy and drug interactions, counsel patients, manage medication therapy, and dispense prescription drugs.

22.     Many Americans have some form of commercial or public health insurance, which typically includes a pharmacy benefit (i.e., prescription drug coverage).

23.     MCOs are private health plans, such as AmeriHealth Caritas, which contract with states to manage Medicaid health and pharmacy benefits.

24.     To serve patients, pharmacies must contract with a patient's pharmacy benefit manager ("PBM"), which for purposes of this action requires the PBM in turn to contract with the patient's MCO, to coordinate or administer pharmacy benefits.

25.     When a patient goes to her pharmacy to receive a prescribed prescription drug, the pharmacy processes the prescription through a process known as pharmacy claims adjudication.

26.     The claims adjudication process occurs at the point of sale (i.e., at the pharmacy counter) right before a pharmacy dispenses a prescription drug to a patient. A pharmacy submits a

Case ID: 260403665

prescription electronically to a PBM to validate the patient's prescription drug coverage under the patient's health plan, to validate the prescription for coverage eligibility, to ensure the prescription does not pose any clinical risks (e.g., drug interactions), to check for any utilization rules in place (e.g., prior authorization requirements, etc.), to report how much the patient may owe out of pocket for the prescription (e.g., a co-pay), and to confirm how much the PBM, on behalf of the patient's health plan, will pay the dispensing pharmacy for the prescribed drug.

27.    The claims adjudication process occurs in real time at the point of sale to ensure that a patient receives an appropriate prescription drug, and at the correct coverage amount so the patient does not overpay. In addition, real-time adjudication ensures that dispensing pharmacies know exactly how much money they will receive, from both the patient and the PBM on behalf of the health plan, for the prescription drug being dispensed.

28.    This immediate transparency of the claims adjudication process helps to assure patient safety and proper financial responsibility, and also ensures pharmacies can properly manage their cash flows so they instantly know how much money they will make on a prescription, or if they might take a loss.

29.    The importance of real-time claims adjudication for pharmacies touches not just on the amount a PBM (on behalf of the MCO) will pay for a prescription itself, but also on any other amounts, fees, or charges the PBM (on behalf of the MCO) may apply to the transaction that may increase or decrease the amount of money a pharmacy will receive for a given transaction. Absent the certainty of real-time claims adjudication, pharmacies would be unable to tell if they were making or losing money on each prescription they filled.

30.    Pennsylvania law underscores the importance of real-time claims adjudication for pharmacies. Under Pennsylvania law, PBMs may not "[c]harge pharmacy transmission fees unless

7

Case ID: 260403665

the amount of the fee is disclosed and applied at the time of claim adjudication." 62 P.S. § 449(h)(4).

31.    In addition, MCOs contract with the Commonwealth of Pennsylvania's Department of Human Services to manage Medicaid coverage. These contracts, among other things require an MCO to ensure its agents, such as its PBMs, comply with pertinent Pennsylvania law including 62 P.S. § 449(h)(4). These contracts also generally prohibit MCOs from charging transmission fees that are not disclosed and applied at the point of sale during claims adjudication.

## II.    Defendants' Failure to Disclose and Apply Transmission Fees

32.    PerformRx is a PBM that administers the pharmacy benefits for certain health insurance plans, including AmeriHealth Caritas in its capacity as a contracted MCO with Pennsylvania.

33.    As a PBM, PerformRx adjudicates prescription drug claims for pharmacies in real time.

34.    When a pharmacy received a prescription drug claim for a patient whose pharmacy benefit was managed by PerformRx, the pharmacy would enter the relevant information into a computer terminal to adjudicate the claim.

35.    PerformRx would instantly provide information back to the pharmacy indicating, *inter alia*, whether the prescription was eligible for coverage under the patient's plan, whether any utilization tools were in place (e.g., prior authorizations), how much the patient needed to pay (e.g., a co-pay), and how much PerformRx (on behalf of the MCO such as AmeriHealth Caritas) would pay on behalf of the patient's health plan.

36.    During adjudication, PerformRx would instantly transmit to the pharmacy a detailed breakdown of the prescription drug's pricing.

8

Case ID: 260403665

37. For example, PerformRx would send back how much it would pay for the drug's cost (typically called 'ingredient cost'), and how much PerformRx would pay to the pharmacy to dispense the drug (typically called a 'dispensing fee').

38. PerformRx, on behalf or at the direction of AmeriHealth Caritas, never disclosed or applied at adjudication that it would charge a transmission fee.

39. As an MCO with contracted with the Commonwealth of Pennsylvania's Department of Health, AmeriHealth Caritas was required, among other things, to ensure its agents including PerformRx complied with the pertinent terms of the applicable MCO contract(s) and Pennsylvania law such as that requiring the disclose and application of transmission fees at the point of sale during claims adjudication. AmeriHealth Caritas filed to do this.

40. PerformRx, on behalf or at the direction of AmeriHealth Caritas, did not disclose or apply transmission fees at the point of sale during claims adjudication. Rather, PerformRx belatedly deducted transmission fees per prescription after adjudication, well after the pharmacy dispensed the prescription to a patient.

41. Unlike PerformRx, other PBMs disclosed transmission fees at the moment of claim adjudication.

42. PerformRx and AmeriHealth's deceptive conduct constitutes a continuing violation and ongoing wrong.

43. Each Plaintiff, like other class members, were belatedly charged transmission fees that were not disclosed and applied at the point of sale during claims adjudication.

44. PerformRx and AmeriHealth Caritas actively concealed and obfuscated the charging of transmission fees by not disclosing or applying them during claims adjudication at the point of sale, and used other names for its belated charges to avoid and conceal the fact that

9

Case ID: 260403665

PerformRx and AmeriHealth Caritas charged undisclosed and not correctly applied transmission fees in violation of Pennsylvania law. Plaintiffs and each other Class member exercised reasonable diligence but could not discover the full scope of PerformRx's and AmeriHealth Caritas's wrongful conduct earlier. PerformRx and AmeriHealth Caritas have yet to reveal the truth about their wrongful practices.

## CLASS ACTION ALLEGATIONS

45.    Plaintiffs bring this action individually and on behalf of all others similarly situated under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

46.    Plaintiffs seek to certify the following Class: All persons who, during the applicable statute of limitations to the present, were charged transmission fees by PerformRx and/or AmeriHealth Caritas that were not disclosed and applied at point of sale during claims adjudication.

47.    Plaintiffs may modify this proposed class definition based on discovery and case developments.

48.    Excluded from the Class are Defendants, any of Defendants' parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, or co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

49.    This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

50.    Numerosity: This action satisfies the requirements of Pa. R. Civ. P. 1702(1). The members of the proposed Class are so numerous that individual joinder of all members is

Case ID: 260403665

impracticable, and the disposition of the claims of the members of the Class in a single action will provide substantial benefits to the parties and Court.

51.    Commonality and Predominance: This action satisfies the requirements of Pa. R. Civ. P. 1702(2). There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Questions of law and fact common to Plaintiffs and the Class include, but are not limited to, the following:

   a.  Whether each Defendant owed a duty of care;

   b.  Whether each Defendant owed a duty to disclose;

   c.  Whether each Defendant knew or should have known that it should disclose and apply transmission fees in real time during claim adjudication, or require its agents to do same;

   d.  Whether Defendants failed to disclose that it might charge transmission fees after the fact;

   e.  Whether the claims of Plaintiffs and the Class serve a public benefit;

   f.  Whether each Defendant's conduct was unfair, fraudulent, false, deceptive, or misleading;

   g.  Whether each Defendant's omissions or misrepresentations were material;

   h.  Whether each Defendant's omissions or misrepresentations were likely to deceive;

   i.  Whether each Defendant had knowledge that is challenged conduct was material, deceptive, or misleading;

   j.  Whether each Defendant breached its duty of care or any agreement with Class members;

   k.  Whether each Defendant's breach of any duty or agreement was material;

   l.  Whether Plaintiffs and members of the Class are entitled to monetary damages and the amount of same; and

Case ID: 260403665

m. Whether Plaintiffs and members of the Class are entitled to declaratory and injunctive relief.

52.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs individually and on behalf of all the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

53.    Typicality. This action satisfies the requirements of Pa. R. Civ. P. 1702(3). Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and the Class members sustained damages as a result of Defendants' uniform wrongful conduct during transactions with them.

54.    Adequacy: This action satisfies the requirements of Pa. R. Civ. P. 1702(4). Plaintiffs will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and there are no defenses unique to Plaintiffs.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the members of the proposed Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

55.    Risks of Prosecuting Separate Actions: This case is appropriate for certification because prosecution of separate actions would risk either inconsistent adjudications which would establish incompatible standards of conduct for the Defendants or would be dispositive of the interests of members of the proposed Class.

12

Case ID: 260403665

56.     Policies Generally Applicable to the Class: This case is appropriate for certification because Defendants has acted or refused to act on grounds generally applicable to the Plaintiffs and proposed Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards members of the Class and making final injunctive relief appropriate with respect to the proposed Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiffs' challenge to those practices hinges on Defendants' conduct with respect to the proposed Class as a whole, not on individual facts or law applicable only to Plaintiffs.

57.     Superiority: This action satisfies the requirements of Pa. R. Civ. P. 1702(5). This case is also appropriate for certification because class proceedings are superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the members of the Class. The injuries suffered by each individual member of the Class are relatively small in comparison to the burden and expense of individual prosecution of the litigation necessitated by Defendants' conduct. Absent a class action, it would be virtually impossible for individual members of the Class to obtain effective relief from Defendants. Even if Class members could sustain individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties, including the Court, and would require duplicative consideration of the common legal and factual issues presented here. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court.

## COUNT ONE
**Breach of Contract/Quasi-Contract and Implied Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiffs and the Class)**

13

Case ID: 260403665

58.    Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

59.    An express or implied agreement, an agreement-in-fact, and/or a quasi-agreement existed between PerformRx (individually and/or as agent of AmeriHealth Caritas) on the one hand, and with Plaintiffs and each Class member on the other hand. The agreements were uniform in all pertinent respects as between PerformRx (individually and/or as agent of AmeriHealth Caritas) and all Class members including Plaintiffs.

60.    Each agreement required, among other things, that PerformRx (individually and/or as agent of AmeriHealth Caritas) comply with applicable law and industry practice concerning claims adjudication and the disclosure of fees and amounts to be paid or charged by PerformRx (individually and/or as agent of AmeriHealth Caritas). These were materials terms.

61.    PerformRx (individually and/or as agent of AmeriHealth Caritas) breached each agreement by failing to exercise reasonable care and to comply with applicable law and industry practice, without justification, concerning the disclosure of fees and amounts to be paid or charged by PerformRx (individually and/or as agent of AmeriHealth Caritas) at the time of claims adjudication. This included, specifically, PerformRx's and AmeriHealth Caritas's failure to disclose transmission fees in real time at the point of sale during claims adjudication.

62.    AmeriHealth Caritas also breached its agreement(s) as MCO with the Commonwealth of Pennsylvania to ensure that its agents including PerformRx comply with applicable law such as that concerning the disclosure and application of transmission fees at point of sale during claims adjudication. Plaintiffs and other Class members were intended third-party beneficiaries of AmeriHealth Caritas's agreement(s) with the Commonwealth of Pennsylvania, and PerformRx was AmeriHealth Caritas's actual, ostensible, or vicarious agent, or AmeriHealth

14

Case ID: 260403665

Caritas exercised direct supervision or control over PerformRx such that they can said to have acted jointly and as alter egos or otherwise, for purposes of the PBM services and payments at issue in this action.

63.    Plaintiffs and other Class members substantially performed their obligations under the agreements.

64.    Plaintiffs and each Class member was injured by virtue of PerformRx's and AmeriHealth Caritas's breaches, and consequently are entitled to damages and other relief as a direct and proximate result of PerformRx's and AmeriHealth Caritas's wrongful conduct.

65.    Additionally, each agreement between PerformRx (individually and/or as agent of AmeriHealth Caritas) and each Class member imposed upon each side a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing agreements and discharging performance and other duties according to their terms, means preserving the spirit - not merely the letter - of the bargain. Put differently, the parties to an agreement are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of agreements.

66.    Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

67.    PerformRx and AmeriHealth Caritas breached the covenant of good faith and fair dealing through their wrongful actions alleged herein.

15

Case ID: 260403665

68.     Plaintiffs and each putative Class member has sustained damages as a result of PerformRx's and AmeriHealth Caritas's breach of the covenant of good faith and fair dealing.

## COUNT TWO

**Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq***

**(On Behalf of Plaintiffs and the Class)**

69.     Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

70.     Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") declares as unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…." UTPCPL § 201-3(a).

71.     The UTPCPL includes the following conduct as unfair methods of competition and unfair or deceptive acts or practices that are prohibited under § 201-3(a): "(ix) Advertising goods or services with intent not to sell them as advertised;" "(xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods and services is made;" and "(xxi) "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." UTPCPL § 201-2(4)(ix), (xiv), (xxi).

72.     Plaintiffs and other Class members are each a "person" under § 201-2(2), and under § 201-9.2(a), "may bring a private action to recover actual damages or $100, whichever is greater[,]" and as persons who facilitated transactions for prescription drugs that were intended for personal, family, or household purposes. *See* UTPCPL §§ 201-2(2) and 201-9.2(a).

73.     PerformRx's and AmeriHealth Caritas's conduct as alleged herein constitutes "conduct of any trade or commerce" in Pennsylvania under § 201-2(3), and § 201-3(a). *See* UTPCPL §§ 201-2(3) and 201-3(a).

16

Case ID: 260403665

74.     Each Defendant violated UTPCPL § 201-3(a) in that each has engaged in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" by deceptively and misleadingly enticing Class members to enter into arrangements concerning PBM services and payments for prescription drugs for patients, and by unfairly, deceptively, and misleadingly failing to disclose it would belatedly charge transmission fees, and/or violating MCO agreement(s) with the Commonwealth of Pennsylvania and Pennsylvania law.

75.     Each Defendant knew or should have known that its conduct concerning the non-disclosure of transmission fees was unfair, deceptive, and misleading.

76.     Plaintiffs and the Class justifiably relied on PerformRx's and AmeriHealth Caritas's acts and omissions, concealment, and other unfair, deceptive, or misleading conduct regarding whether PerformRx (individually, and/or as agent of AmeriHealth Caritas) would belatedly charge transmission fees. Plaintiffs and the Class reasonably expected that PerformRx (individually, and/or as agent of AmeriHealth Caritas) would disclose transmission fees at point of sale during claims adjudication, consistent with Pennsylvania law and industry practice.

77.     PerformRx (individually, and/or as agent of AmeriHealth Caritas) intended for Plaintiffs and the Class to rely on its unfair, deceptive, and misleading conduct such that Plaintiffs and Class would process prescription claims with PerformRx (individually, and/or as agent of AmeriHealth Caritas) whilst unaware of undisclosed material facts.

78.     The facts concealed or not disclosed by PerformRx and AmeriHealth Caritas were material facts in that Plaintiffs and members of the Class and other reasonable persons would have considered them important and material. Had PerformRx and AmeriHealth Caritas not engaged in its wrongful conduct or disclosed its true practices, Plaintiffs and Class would not have engaged

17

Case ID: 260403665

with PerformRx (individually, and/or as agent of AmeriHealth Caritas) and/or would have done so on different terms or in different ways.

79.     PerformRx's and AmeriHealth Caritas's unfair, deceptive, and misleading conduct is a common course of continuing conduct capable of deceiving a substantial portion of the targeted persons, and it was consumer-oriented insofar as PerformRx's and AmeriHealth Caritas's conduct related to consumer transactions for prescription drugs.

80.     PerformRx and AmeriHealth Caritas actively concealed its misrepresentations and omissions from Plaintiffs and other Class members.

81.     To the extent applicable, Plaintiffs and other Class members were reasonably justified in relying on PerformRx's and AmeriHealth Caritas's misrepresentations or omissions. The same or substantively identical misrepresentations and omissions were communicated to Plaintiffs and each Class member at the time each entered into an arrangement with PerformRx (individually, and/or as agent of AmeriHealth Caritas) and during each point of sale and claims adjudication. To the extent applicable, reliance may be presumed in these circumstances.

82.     PerformRx's and AmeriHealth Caritas's unfair, deceptive, and misleading conduct caused Plaintiffs and other Class members to suffer ascertainable loss of money or property insofar as they were charged additional fees that were not properly disclosed and applied.

83.     As a direct and proximate result of Defendants' wrongful conduct as set forth above, Plaintiffs and other Class members have been harmed and continue to be harmed.

84.     Pursuant to § 201-9.2(a), Plaintiffs and the Class seek injunctive relief, declaratory relief, compensatory and punitive damages, actual damages or $100 (whichever is greater), three times the actual damages (but not less than $100), and costs and reasonable attorneys' fees. *See* UTPCPL § 201-9.2(a).

18

Case ID: 260403665

## COUNT THREE

### Fraud in the Inducement

### (On Behalf of Plaintiffs and the Class)

85.    Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

86.    PerformRx and AmeriHealth Caritas affirmatively misrepresented material facts about the PBM services and terms relating to the payment of prescription drug benefits on behalf of patients' health insurance plans, including but not limited to whether all fees would be disclosed and applied at point of sale during claims adjudication, consistent with Pennsylvania law and industry practice.

87.    PerformRx and AmeriHealth Caritas deliberately omitted material facts about the PBM services and terms relating to the payment of prescription drug benefits on behalf of patients' health insurance plans, including but not limited to whether all fees would be disclosed and applied at point of sale during claims adjudication, consistent with Pennsylvania law and industry practice.

88.    PerformRx and AmeriHealth Caritas made these material misrepresentations, or omitted material information, in its dealings and arrangements with Plaintiffs and other Class members.

89.    PerformRx's and AmeriHealth Caritas's conduct induced Class members to utilize PerformRx's services (individually, and/or as agent of AmeriHealth Caritas) and to accept patients' health insurance with pharmacy benefited administered by PerformRx (individually, and/or as agent of AmeriHealth Caritas). Plaintiffs and other Class members would not have utilized PerformRx's services or entered into arrangements with or relating to PerformRx (individually, and/or as agent of AmeriHealth Caritas) had they known the truth. Alternatively,

19

Case ID: 260403665

Plaintiffs and other Class members would have engaged with PerformRx (individually, and/or as agent of AmeriHealth Caritas) on different terms or conditions had they known the truth.

90. PerformRx and AmeriHealth Caritas knew, was reckless in its disregard for, or should have known of, the true character of the PBM services and fees charged in connection with prescription drug transactions.

91. PerformRx and AmeriHealth Caritas knew or reasonably should have known its misrepresentations or omissions were materially false or misleading, or rendered their representations materially false or misleading.

92. PerformRx and AmeriHealth Caritas knew or should have known that its misrepresentations or omissions would induce Plaintiffs and other Class members to utilize PerformRx's PBM services and accept patients' pharmacy benefits that were administered by PerformRx (individually, and/or as agent of AmeriHealth Caritas). To the extent applicable, PerformRx and AmeriHealth Caritas intended its misrepresentations or omissions to induce Plaintiffs and other Class members.

93. PerformRx's and AmeriHealth Caritas's misrepresentations and omissions were material. PerformRx (individually, and/or as agent of AmeriHealth Caritas) promised or implied its PBM services and payment terms would comport with applicable law and industry practice, and AmeriHealth Caritas promised to abide by its agreement(s) with the Commonwealth of Pennsylvania, but the services and payment terms were not as promised or implied, and not the same as those represented and bargained for.

94. PerformRx and AmeriHealth Caritas actively concealed its misrepresentations and omissions from Plaintiffs and other Class members.

20

Case ID: 260403665

95.    To the extent applicable, Plaintiffs and other Class members were reasonably justified in relying on PerformRx's and AmeriHealth Caritas's misrepresentations or omissions. The same or substantively identical misrepresentations and omissions were communicated to Plaintiffs and each Class member at the time each entered into an arrangement with PerformRx s(individually, and/or as agent of AmeriHealth Caritas) and during each point of sale and claims adjudication. To the extent applicable, reliance may be presumed in these circumstances.

96.    Plaintiffs and other Class members were damaged by reach of PerformRx's and AmeriHealth Caritas's misrepresentations and omissions.

### COUNT FOUR

#### Negligence and Negligence Per Se
#### (On Behalf of Plaintiffs and the Class)

97.    Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

98.    PerformRx (individually, and/or as agent of AmeriHealth Caritas) owed a duty to Plaintiffs and other Class members to use and exercise reasonable care in the performance of PBM services and charging of fees in connection therewith.

99.    PerformRx (individually, and/or as agent of AmeriHealth Caritas) owed a duty to Plaintiffs and other Class members to ensure that the fees it charged were properly disclosed and otherwise complied with Pennsylvania law and industry practice.

100.    PerformRx (individually, and/or as agent of AmeriHealth Caritas) owed a duty of care to Plaintiffs and other Class members because they were the foreseeable, reasonable, and probable victims of PerformRx's and AmeriHealth Caritas's unfair, fraudulent scheme. PerformRx and AmeriHealth Caritas each knew, or reasonably should have known, that it was not providing PBM services, including but not limited to the timely disclosure of all fees, in accordance with

21

Case ID: 260403665

Pennsylvania law and industry practice, and PerformRx and AmeriHealth Carias each was in the best position to remedy its own shortcomings.

101.    PerformRx and AmeriHealth Caritas failed to do this. Each inadequately exercised its obligations to timely disclose all fees it charged in connection with adjudicated prescription drug claims.

102.    PerformRx and AmeriHealth Caritas maintained a special relationship with Plaintiffs and other Class members, given PerformRx's role as a PBM (individually, and/or as agent of AmeriHealth Caritas), and as such was obligated to exercise reasonable care and diligence, which it did not do. AmeriHealth Caritas, as MCO administering contracted benefits for the Commonwealth of Pennsylvania, had an obligation to ensure its agents such as PerformRx adhere to applicable law, which it did not do.

103.    Plaintiffs and other Class members were intended third-party beneficiaries of AmeriHealth Caritas's agreement(s) with the Commonwealth of Pennsylvania, and PerformRx was AmeriHealth Caritas's actual, ostensible, or vicarious agent, or AmeriHealth Caritas exercised direct supervision or control over PerformRx such that they can said to have acted jointly and as alter egos or otherwise, for purposes of the PBM services and payments at issue in this action.

104.    PerformRx had an independent duty under Pennsylvania law not to "[c]harge pharmacy transmission fees unless the amount of the fee is disclosed and applied at the time of claim adjudication." 62 P.S. § 449(h)(4).

105.    PerformRx breached its duties to Plaintiffs and other Class members.

106.    PerformRx's and AmeriHealth Caritas's own action or inactions created a foreseeable risk of harm to Plaintiffs and other Class members, especially given PerformRx's and

22

Case ID: 260403665

AmeriHealth Caritas' superior knowledge concerning the PBM services it provided and the fees it charged.

107.    PerformRx and AmeriHealth Caritas each knew, or should have known, that its representations or omissions were materially unfair, fraudulent, false, misleading, or deceptive, and would induce Plaintiffs and other Class members to transact with PerformRx (individually and/or as agent of AmeriHealth Caritas).

108.    As a direct and proximate result of PerformRx's and AmeriHealth Caritas's negligent conduct, Plaintiffs and other Class members have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT FIVE

### Tortious Interference

### (On Behalf of Plaintiffs and the Class)

109.    Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

110.    Plaintiffs and other Class members had an actual and prospective business relationship with each of their patients who presented a prescription to be adjudicated through PerformRx's PBM services, as offered and provided on PerformRx's on behalf and on behalf of AmeriHealth Caritas.

111.    PerformRx and AmeriHealth Caritas intended to harm Plaintiffs and other Class members by interfering with the latter's relationships with patients.

112.    PerformRx and AmeriHealth Caritas harmed Plaintiffs and other Class members by not properly disclosing and applying transmission fees, or requiring same, at the point of sale during claims adjudication as mandated by Pennsylvania law and industry practice.

23

113.    PerformRx's and AmeriHealth Caritas's interference lacked any privilege or justification. PerformRx's and AmeriHealth Caritas's interference was so blatant and contrary to Pennsylvania law and industry practice that it was done with malice or through otherwise improper means.

114.    AmeriHealth Caritas's interference also was contrary to its obligations under its contract(s) with the Commonwealth of Pennsylvania.

115.    As a direct and proximate result of PerformRx's and AmeriHealth Caritas's tortious interference with Plaintiffs' and other Class members' business relationships with their patients who presented health insurance with a pharmacy benefit administered by PerformRx (on its own behalf, or on behalf of AmeriHealth Caritas), Plaintiffs and other Class members suffered injury and damages in an amount to be determined at trial.

## COUNT SIX
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Class)

97.    Plaintiffs incorporate by reference and realleges each and every allegation contained in the Paragraphs above as though fully set forth herein.

98.    This claim is brought in the alternative to the other claims alleged herein and, where applicable, only to the extent Plaintiffs have no adequate remedy at law.

99.    Substantial benefits have been directly conferred on PerformRx and AmeriHealth Caritas by Plaintiffs and other Class members to the extent they paid undisclosed transmission fees that were not applied at the point of sale during claims adjudication. PerformRx and AmeriHealth Caritas knowingly and willingly accepted and enjoyed these benefits.

100.    PerformRx and AmeriHealth Caritas either knew or should have known that the

24

Case ID: 260403665

payments rendered by Plaintiffs and other Class members were unjustly given. As such, it would be inequitable for PerformRx and AmeriHealth Caritas to retain the benefit of the payments under these circumstances. PerformRx and AmeriHealth Caritas each shared in wrongly obtained benefits, as PerformRx was AmeriHealth Caritas's actual, ostensible, or vicarious agent, or AmeriHealth Caritas exercised direct supervision or control over PerformRx such that they can said to have acted jointly and as alter egos or otherwise, for purposes of the PBM services and payments at issue in this action.

101.    PerformRx's and AmeriHealth Caritas's acceptance and retention of the benefits of the payments from Plaintiffs and other Class members under the circumstances alleged herein make it inequitable for PerformRx and AmeriHealth Caritas to retain the benefits of the payments made by Plaintiffs and other Class members.

102.    Plaintiffs and other Class members are entitled to recover from PerformRx  and AmeriHealth Carita all amounts wrongfully collected and improperly retained by PerformRx and AmeriHealth Caritas, plus interest thereon.

103.    Plaintiffs and other Class members seek damages or restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against each Defendant as to each and every count, including:

(a)    An order declaring this action to be a proper class action, appointing Plaintiffs and their counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

25

Case ID: 260403665

(b)    A declaration that Defendants are liable under each and every one of the above-enumerated causes of action;

(c)    An order enjoining Defendants from charging undisclosed fees and the related conduct as described above;

(d)    Payment to Plaintiffs and other Class members of all damages, exemplary or punitive damages, and/or restitution or disgorgement associated with the conduct for all causes of action in an amount to be proven at trial, including but not limited to the reimbursement of all transmission fees, plus statutory penalties per violation;

(e)    An award of attorneys' fees and litigation costs as provided by applicable law or as would be reasonable from any recovery of monies recovered for or benefits bestowed on the Class;

(f)    Interest as provided by law, including but not limited to pre-judgment and post-judgment interest; and

(g)    Such other and further relief at law or equity as may be just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims so triable.

Dated: April 24, 2026                           Respectfully Submitted,

Ruben Honik
David J. Stanoch, Of Counsel
Honik LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com
david@honiklaw.com

26

Case ID: 260403665

## VERIFICATION

I, Stuart Rosenberg, on behalf of Samuel J. Robinson Pharmacy Inc., hereby state that Samuel J. Robinson Pharmacy Inc. is a Plaintiff in this action and verify the factual statements made in the foregoing civil action complaint are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 4/24/2026
_____

Signed by:

_____
2195AA8CDC634E4...
Stuart Rosenberg, o/b/o Samuel J. Robinson
Pharmacy Inc.

## VERIFICATION

I, Barry Neff, on behalf of Friendly Pharmacy Inc., hereby state that Friendly Pharmacy Inc. is a Plaintiff in this action and verify the factual statements made in the foregoing civil action complaint are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: __4/24/2026_____

DocuSigned by:

20EE4870093F400...
_____
Barry Neff, o/b/o Friendly Pharmacy Inc.

Case ID: 260403665

# COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

__X__ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

       _____ a. Uniform Commercial Code transactions;

       _____ b. Purchases or sales of business or the assets of businesses;

       __X__ c. Sales of goods or services by or to business enterprises;

       _____ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

       _____ e. Surety bonds;

       _____ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

       _____ g. Franchisor/franchisee relationships.

_____ 3. Actions relating to trade secret or non-compete agreements;

__X__ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____ 5. Actions relating to intellectual property disputes;

_____ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

_____ 8. Actions relating to corporate trust affairs;

_____ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

_____ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

David J. Stanoch, Esquire
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(267) 435-1300

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**



*Filed and Attested by the
Office of Judicial Records
30 APR 2026 12:17 pm
L. BREWINGTON*

**Friendly Pharmacy Inc., et al.**

v.

**PerformRx, LLC, et al.**

**Case No.:26-04-3665**

_____/

Commonwealth of Pennsylvania
County of Philadelphia    ss

### AFFIDAVIT OF CORPORATE SERVICE

I, **John Smith,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **AmeriHealth Caritas Health Plan** |
| DOCUMENTS SERVED: | **Complaint** |
| BY SERVING UPON: | **Latanya, Legal Assistant** |
| DATE & TIME OF SERVICE: | **4/28/2026  10:50 AM** |

PHYSICAL DESCRIPTION:   **Age: 45        Weight: 150        Hair: Brown
Sex: Female     Height: 5'5"        Race: Black**

SERVED ADDRESS:   **200 Stevens Drive
Philadelphia, PA 19113**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 39.8747222222222;-75.2798222222222



Subscribed and sworn before me, a Notary Public, this 28th day of April, 2026

_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Order #P235916

John Smith
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 260403665

David J. Stanoch, Esquire
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(267) 435-1300

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



*Filed and Attested by the Office of Judicial Records 30 APR 2026 12:17 pm L BREWINGTON*

**Friendly Pharmacy Inc., et al.**

v.

**PerformRx, LLC, et al.**

_____/

**Case No.:26-04-3665**

Commonwealth of Pennsylvania
County of Philadelphia    ss

## AFFIDAVIT OF CORPORATE SERVICE

I, **John Smith,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **PerformRx, LLC** |
| DOCUMENTS SERVED: | **Complaint** |
| BY SERVING UPON: | **Latanya, Legal Assistant** |
| DATE & TIME OF SERVICE: | **4/28/2026  10:50 AM** |

PHYSICAL DESCRIPTION:    **Age: 45        Weight: 150        Hair: Brown**
**Sex: Female    Height: 5'5"        Race: Black**

SERVED ADDRESS:    **200 Stevens Drive**
**Philadelphia, PA 19113**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 39.8747222222222;-75.2798222222222



Subscribed and sworn before me, a Notary Public, this 28th day of April, 2026

Melissa Petrowski

_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

John Smith
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Order #P235915

Case ID: 260403665

David J. Stanoch, Esquire
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(267) 435-1300

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



Filed and Attested by the
Office of Judicial Records
06 MAY 2026 02:17 pm
BALILONTI

**Friendly Pharmacy Inc., et al.**
                          v.

**PerformRx, LLC, et al.**

**Case No.:26-04-3665**

_____ /

Commonwealth of Pennsylvania
County of Philadelphia    ss

## <u>AFFIDAVIT OF CORPORATE SERVICE</u>

I, **John Smith,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **AmeriHealth Caritas Health Plan** |
| DOCUMENTS SERVED: | **Complaint** |
| BY SERVING UPON: | **Latanya, Legal Assistant** |
| DATE & TIME OF SERVICE: | **4/28/2026  10:50 AM** |

PHYSICAL DESCRIPTION:    **Age: 45        Weight: 150        Hair: Brown**
                                           **Sex: Female    Height: 5'5"        Race: Black**

SERVED ADDRESS:    **200 Stevens Drive**
                                 **Philadelphia, PA 19113**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 39.8747222222222;-75.2798222222222



Subscribed and sworn before me, a Notary
Public, this 28th day of April, 2026

*Melissa Petrowski*
_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

John Smith
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 260403665

Order #P235916

David J. Stanoch, Esquire
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(267) 435-1300

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**



Filed and Attested by the
Office of Judicial Records
06 MAY 2026 02:37 pm
B. BALILONIS

**Friendly Pharmacy Inc., et al.**

v.

**PerformRx, LLC, et al.**

**Case No.:26-04-3665**

_____ /

Commonwealth of Pennsylvania
County of Philadelphia    ss

## <u>AFFIDAVIT OF CORPORATE SERVICE</u>

I, **John Smith,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **PerformRx, LLC** |
| DOCUMENTS SERVED: | **Complaint** |
| BY SERVING UPON: | **Latanya, Legal Assistant** |
| DATE & TIME OF SERVICE: | **4/28/2026  10:50 AM** |

PHYSICAL DESCRIPTION:    **Age: 45        Weight: 150        Hair: Brown**
**Sex: Female    Height: 5'5"        Race: Black**

SERVED ADDRESS:    **200 Stevens Drive
Philadelphia, PA 19113**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 39.8747222222222;-75.2798222222222



Subscribed and sworn before me, a Notary
Public, this 28th day of April, 2026

_Melissa Petrowski_
_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

John Smith
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 260403665

Order #P235915